O’NIELL, J.
Plaintiffs appeal from a judgment rejecting their demand for the appoint *421 ment of a receiver for the defendant corporation.
The company was organized in January, 1919, as a mining corporation. Over 300,000 shares of stock were issued, for which the company received about $97,000, in cash, besides oil and gas leases on about 18,000 acres of land, and a drilling rig. A. Lorenze was president of the corporation, and, under his administration, drilling operations were commenced on a.lease in the parish of West Baton Ilouge and also on a lease in the parish of St. Martin. He received in salary, commissions and expense accounts more than $20,-000. Many of the stockholders, a majority of whom resided in Pennsylvania, became unsatisfied with Lorenze’s administration -and management of the affairs of the corporation and lost confidence in his fidelitss integrity, and honesty. In the latter part of the year 1919, or early part of 1920, they sent a committee of stockholders to Louisiana to investigate the affairs of the corporation. At a meeting of the committee, which was attended by Lorenze and his attorney and the attorneys of the defendant corporation, the committee preferred charges against Lorenze, accusing him of mismanagement, extravagance, unfaithfulness, and violation of his trust, and they asked for his resignation. I-Ie declined to resign. A meeting of the stockholders was then called for the purpose of having all of the officers and directors resign and a new set of officers and a new board of directors elected. The stockholders’ meeting was held on the 9th of February, 1920, at which the holders of a majority of the stock were present or represented by proxy. All of the officers and directors resigned, except Lorenze. A new board of directors and new officers were then elected. Lorenze was suspended from office, and the charges preferred against him were referred to the board of directors for final action. The board met on the 16th of February, 1920, to hear and act upon Ihe charges preferred against Lorenze. He did not attend the meeting, nor did his-attorney attend, notwithstanding they were duly notified of the date and purpose of the meeting. The board heard evidence on the-charges preferred against Lorenze and removed him from office and elected his successor. Immediately thereafter — that is, on the-day on which Lorenze was removed from office — this suit was filed demanding the appointment of a receiver. The plaintiffs are A. Lorenze, his son-in-law, David Wilkus, and the A. Lorenze Company, a corporation, composed of A. Lorenze, his wife, and another member of his family.
After alleging that the corporation had been engaged in'drilling the two wells, one in the parish of West Baton Rouge and the other in the parish of St. Martin, and that the-company had quit drilling the wells, plaintiffs made the following allegations as a. cause for demanding the appointment of a receiver, viz.:
IV. That petitioners verily believe and liavegood reason to believe that said Penn.-La. OiL & Gas Company, Incorporated, if- it had continued to drill for oil in said parishes, would have-found same in paying quantities, but that, owing to dissensions which have lately arisen between some of the stockholders and the president of the corporation, all drilling operations-have ceased, and the property of said corporation, thus being operated in prosecuting the work of drilling for oil, has been abandoned, to the great loss and injury of petitioners, as-well as of all other stockholders and creditors of said Penn.-La. Oil & Gas Company, Incorporated.
V. That the drilling for oil, as had already been, actively commenced, should be continued. • without interruption or delay, as, in case of failure to drill for oil thereon, there is imminent danger that many of the leases covering lands which have been leased for the purpose of prosecuting drilling operations thereon for-oil may be forfeited for nonpayment of rental,, or may lapse for failure to continue active operations in drilling thereon for oil, all of which will result in great loss and injury to petitioners, as well as to the other creditors and stockholders of said corporation.
*423 [1] It appears that the three plaintiffs, A. Lorenze, the A. Lorenze Company, and David Wilkus, are stockholders of the corporation’. It is alleged that A. Lorenze is also a creditor of the corporation. Whether he is a creditor is somewhat doubtful, and is a matter of no importance in deciding this case.
The statutory causes for which a court may appoint a receiver for a corporation are enumerated in Act 159 of 1898, p. 312. The only statutory cause alleged in this case is that “the property of the corporation is abandoned.” The statute declares that, in that case, the courts have authority to appoint a receiver at the instance of- either a stockholder or a creditor.
Our examination of the evidence convinces us, as it convinced the district Judge, that the property of the corporation was not abandoned. The company had quit drilling the two wells, the one in West Baton Rouge parish and the one in St. Martin parish, in November, 1919, during the incumbency of A. Lorenze as president. The newly elected board of directors was arranging to resume operations, hut had not had time to complete their arrangements when this suit was filed. Two of the stockholders, testifying on behalf of the plaintiffs, expressed the opinion that the company could not or would not resume drilling operations until this litigation would be settled. But that is no reason for saying that the property of the corporation was abandoned. We must view the situation as it was when the suit was filed, and be not governed by the condition which the suit itself brought about.
The allegation that some of the company’s leases might be forfeited, for nonpayment of the stipulated rental for the privilege of renewal, unless the company would commence drilling on those leases, is not a cause for demanding the . appointment of a receiver. It is very often, and very largely, a question of administrative judgment as to- whether it is better to pay the stipulated rental for the privilege of renewal of a mineral lease, ox-better to forfeit the lease, than to commence drilling operations at all. We have no reason to believe that a receiver would exei-cise better judgment than the board of directors will exercise in that respect.
[2] The record convinces us that this suit was brought in retaliation for the action of the board of directors in removing the president fx-om office. It is argued on behalf of appellants that the actioix of the board was in violation of section 18 of Act 267 of 1914, which confers upon the courts jurisdiction—
“over the directors, managers, trustees and other officers of a corporation, * * * (c) to suspend any directoi-, trustee, or other officer from exercising his office whenever it shall appear that he has abused his trust, * * * (e) to remove any such director, trustee or other officer upon proof or conviction of gross misconduct.”
Whether the ousted president, in this case, had a right of action to be reinstated, either by injunction, quo warranto, proceedings, ox-otherwise, is not before us for decision. It is sufficient to say that, if the board of directors did violate the statute, the remedy was not by suit for the appointment of a receiver.
The judgment appealed from is affirmed, at appellants’ cost.